IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| MEDICAL INVESTORS III, LP, | CIVIL ACTION NO.:  2:25-cv-12123-DCN |
| Plaintiff, |  |
| v. | COMPLAINT |
| CONNEC-TO-TALK LLC, |  |
| Defendant. |  |

TO:     THE DEFENDANT ABOVE-NAMED:

## COMPLAINT

Plaintiff MEDICAL INVESTORS III, LP ("Landlord"), by and through its undersigned counsel, states as follows for its Complaint against defendant, CONNEC-TO-TALK LLC ("Tenant").

## NATURE OF THE ACTION

1.     This action arises out of Tenant's breach of lease and breach of forbearance agreement with Landlord.

## THE PARTIES

2.     Landlord owns a medical office building located at 570 Long Point Road, Mount Pleasant, South Carolina 29464 (the "Medical Office Building").

3.     Landlord, MEDICAL INVESTORS III, LP, is a South Carolina limited partnership with its principal place of business in South Carolina. MEDICAL INVESTORS III, LP's partners are Codgell Spencer Advisors Management, LLC, a Delaware limited liability company, as the limited partner, and Codgell Spencer LP, a Delaware limited partnership, as the

general partner. Codgell Spencer Advisors Management, LLC's sole member is Codgell Spencer LP. Codgell Spencer LP's partners are CS Business Trust I, a Maryland business trust, as the general partner, and CS Business Trust II, a Maryland business trust, as the limited partner. The owner of CS Business Trust I and CS Business Trust II is Ventas CS, LLC, a Delaware limited liability company. The sole member of Ventas CS, LLC, is Ventas Realty, Limited Partnership, a Delaware limited partnership. Ventas Realty, Limited Partnership's partners are Ventas LP Realty, L.L.C., a Delaware limited liability company, as the limited partner, and Ventas, Inc, a Delaware corporation, as the general partner. The sole member of Ventas LP Realty, L.L.C. is Ventas, Inc. Therefore, for diversity purposes, Landlord is a citizen of Delaware.

4.  Tenant, CONNEC-TO-TALK LLC, is a Connecticut limited liability company. Its members are Jennifer Naughton Basch, a resident of New Canaan, Connecticut, and Nika Williams, a resident of Fairfield, Connecticut. For diversity purposes, CONNEC-TO-TALK LLC is a citizen of Connecticut.

## JURISDICTION AND VENUE

5.  Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this matter as this action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.  This Court has personal jurisdiction over Tenant because Tenant transacts business in this state.

7.  Venue is proper in this Court because the Medical Office Building is in this judicial district.

2

**FACTUAL ALLEGATIONS**

*LEASE AGREEMENT*

8.     On or about September 6, 2021, Landlord entered into a Lease Agreement (the "Lease") with Tenant for space in 570 Long Point Road, Suite 100, Mount Pleasant, South Carolina 29464 (the "Premises").  A copy of the Lease is attached hereto as **Exhibit A**.

9.     Pursuant to the Lease, Tenant agreed, among other things, to pay such rent and other fees as set forth in the Lease to Landlord. *See* Lease § 2.1(A); 2.2.

10.     Pursuant to the Lease, if Tenant failed to make payments when due, Landlord was entitled to assess a late charge equal to five percent (5%) of the overdue amount, and interest from the due date until paid at the rate of twelve percent (12%) per annum, as set forth more fully in the Lease. *See* Lease § 2.1(C).

11.     Pursuant to the Lease, Tenant shall reimburse Plaintiff for any and all costs and expenses incurred in collecting payment, including, but not limited to, reasonable attorney's fees. *See* Lease § 10.2(A).

12.     Beginning in and around September 2023 and continuing through the date hereof, Tenant defaulted on the Lease by failing to make all payments due pursuant to the Lease.

*FORBEARANCE AGREEMENT*

13.     On or about December 26, 2023, Landlord entered into a Payment and Forbearance Agreement (the "Forbearance Agreement") with Tenant to address certain delinquent payments owed by Tenant. A copy of the Forbearance Agreement is attached hereto as **Exhibit B**.

14. Pursuant to the Forbearance Agreement, Tenant agreed, among other things, to pay unpaid rent, interest and late fees, pursuant to the payment plan as described in the Forbearance Agreement. *See* Forbearance Agreement §§ 4.01, 4.02.

15. Pursuant to the Forbearance Agreement, Tenant also agreed to continue to pay rent and other fees as set forth in the Lease in addition to the payments made pursuant to the payment plan. *See* Forbearance Agreement § 4.03.

16. Pursuant to the Forbearance Agreement, Tenant shall reimburse Landlord all costs and expenses of collection, including attorneys' fees and court costs. *See* Forbearance Agreement § 5.04.

17. Beginning in and around February 2024, Tenant defaulted on the Forbearance Agreement by failing to make all payments due pursuant to the Forbearance Agreement.

## *DEFAULTS*

18. Landlord sent notices of default to Tenant for failing to make all payments due pursuant to the Lease and Forbearance Agreement; however, Tenant refused and failed to cure its defaults.

19. Landlord has performed all obligations required of it under the Lease and Forbearance Agreement.

20. Tenant has failed and refused to pay Landlord the amounts due and owing under the Lease and Forbearance Agreement as applicable.

21. Landlord is entitled to its reasonable attorneys' fees and costs incurred in connection with enforcement of the Lease and Forbearance Agreement.

## **Count I – Breach of Contract**
## **(Breach of Lease)**

22. Landlord incorporates by reference the allegations set forth above.

23. Landlord entered into the Lease with the Tenant.

24. The Lease is a valid and enforceable contract.

25. Landlord has performed all conditions precedent under the Lease.

26. Without legal justification or excuse, Tenant materially breached the Lease by failing to pay the balance owed as agreed.

27. As a direct and proximate result of Tenant's breaches of the Lease, Landlord has suffered damages.

## Count II – Breach of Contract
### (Breach of Forbearance Agreement)

28. Landlord incorporates by reference the allegations set forth above.

29. Landlord entered into Forbearance Agreement with the Tenant.

30. The Forbearance Agreement is a valid and enforceable contract.

31. Landlord has performed all conditions precedent under the Forbearance Agreement.

32. Without legal justification or excuse, Tenant materially breached the Forbearance Agreement by failing to pay the balance owed as agreed.

33. As a direct and proximate result of Tenant's breaches of the Forbearance Agreement, Landlord has suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Landlord requests judgment against Tenant as follows:

    A.    An award of damages in an amount to be proven at trial;

    B.    Landlord's costs and attorneys' fees associated with prosecution of this action;

    C.    Pre-judgment interest;

D.   Post-judgment interest;

E.   All other relief to which Landlord may be entitled.

This 4th day of September, 2025.

Respectfully submitted,

/s/ Lee C. Weatherly
Lee C. Weatherly
Federal Bar No. 9389
COPELAND STAIR VALZ & LOVELL LLP
40 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 266-8202 (Main)
(843) 727-2995 (Fax)
lweatherly@csvl.law

-and-

Jennifer Metzger Stinnett
(to seek admission pro hac vice)
Kentucky Bar No. 89917
FULTZ MADDOX DICKENS PLC
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202
(502) 588-2015 (Main)
(502) 588-2020 (Fax)
jstinnett@fmdlegal.com